

**ABRAHAM FRUCHTER & TWERSKY LLP**
Jack G. Fruchter (JF-8435)
Jeffrey S. Abraham (JA-2946)
One Pennsylvania Plaza, Suite 2805
New York, New York 10119
Telephone: (212) 279-5050
Fax: (212) 279-3655



**LOEFFLER TUGGEY PAUERSTEIN ROSENTHAL LLP**
Tim Tuggey
Eric A. Pullen
755 East Mulberry, Suite 200
San Antonio, Texas 78212
Telephone: (210) 354-4300
Fax: (210) 354-4034



Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
ANALYTICAL SURVEYS, INC.,

        Plaintiff,                         Civil Action No.

- against -

TONGA PARTNERS, L.P., CANNELL CAPITAL LLC    COMPLAINT
and J. CARLO CANNELL,

        Defendants.                       JURY TRIAL DEMANDED
-----------------------------------------------------------------x

Plaintiff, by its attorneys, alleges, as follows:

INTRODUCTION

1.      This action arises under the short-swing insider trading provisions of Section 16(b) ("Section 16(b)") of the Securities Exchange Act of 1934 (the "Exchange Act"), [15 U.S.C. §78p(b)]. Plaintiff is bringing this action to obtain disgorgement of short-swing insider trading profits realized by defendants Tonga Partners, L.P., Cannell Capital, LLC, and J. Carlo Cannell

(collectively referred to as the "Defendants") while statutory insiders of Plaintiff Analytical Surveys, Inc. ("ASI" or the "Company.")

## PARTIES

2. Plaintiff Analytical Surveys, Inc. is a corporation formed under the laws of the State of Colorado which maintains its principal offices at 9725 Datapoint Drive, Suite 300B, San Antonio, Texas 78229. The Company's common stock ("Common Stock") is and was at all relevant times, registered with the Securities & Exchange Commission ("SEC") pursuant to Section 12 of the Exchange Act and trades on the NASDAQ under the symbol ANLT.

3. Defendant Tonga Partners, L.P. ("Tonga"), a Delaware limited partnership, maintains its principal offices at 150 California Street, 5th Floor, San Francisco, California 94111. Cannell Capital, LLC is the general partner of Tonga.

4. Defendant Cannell Capital, LLC ("Cannell Capital"), a California limited liability corporation, maintains its principal offices at 150 California Street, 5th Floor, San Francisco, California 94111. J. Carlo Cannell serves as the managing member of Cannell Capital, LLC.

5. Defendant J. Carlo Cannell ("Cannell") maintains his principal office at 150 California Street, 5th Floor, San Francisco, California 94111. Mr. Cannell is the controlling member of Cannell Capital, LLC. Cannell Capital LLC is the general partner of, and investment adviser to, Tonga Partners, L.P. Collectively Tonga, Cannell Capital and Cannell will be referred to as "Tonga" or the "Defendants."

## JURISDICTION AND VENUE

6. Jurisdiction of this Court is proper pursuant to Section 27 of the Exchange Act [15 U.S.C. §78aa]. Venue is properly laid in this District because Defendants transact business in this

2

district and have designated the Southern District of New York as the proper forum for the purposes of any suit, action or proceeding arising out of or relating to the transactions and agreements discussed below.

## CLAIM FOR RELIEF

7. Section 16(b) provides that any profit realized by an officer, director of a company, or the beneficial owner of ten percent of a company's outstanding common stock, from the purchase and sale, or sale and purchase, of any equity security of such company within any period of less than six months shall inure to and be recoverable by the company, unless the transactions are exempt from Section 16(b) pursuant to the statute or rules promulgated thereunder by the SEC.

8. During the period that Defendants were subject to Section 16(b), they realized profits on the purchase and sale of ASI equity securities within a period of less than six months.

### Defendants Were Statutory Insiders Within The Meaning Of Section 16(b)

9. On March 21, 2002, Tonga paid $2 million to acquire a senior secured convertible promissory note convertible into shares of Common Stock utilizing a conversion formula wherein the conversion price was equal to the lesser of (I) $0.40 and (ii) 90% of the average closing bid prices for the company's common stock for the three trading days having the lowest closing bid price during the 20 trading days immediately prior to the conversion date, or a minimum of 5,000,000 shares of Common Stock. Tonga also acquired a warrant to purchase 5,000,000 shares of Common Stock.

10. This transaction caused Tonga to beneficially own 10,000,000 shares of Common Stock. At that time, the Company had a total 6,977,794 shares of Common Stock outstanding so that the ten million shares amounted to 59% of the potentially 16,977,794 shares of outstanding

Common Stock that would be outstanding post conversion (as corroborated by a Schedule 13D filed by Defendants with the SEC on or about April 12, 2002). The ten million shares representing more than 10% of the Company's outstanding Common Stock caused Tonga to be a statutory insider for purposes of Section 16(b).

11. Defendants continued to beneficially own shares in excess of 10% of ASI's outstanding Common Stock. On or about October 29, 2003, Defendants converted $300,000 of the senior secured convertible promissory note. As a result, Defendants owned: (I) 261,458 shares (the share amount was reduced as a consequence of a 1 for 10 reverse stock split ASI conducted on October 2, 2002) and (ii) a new convertible note (the "Second Note") in the amount of $1.7 million replacing the original note and; (iii) a warrant to purchase 500,000 shares of Common Stock.

12. The Second Note was convertible using the same conversion formula wherein the conversion price was equal to the lesser of (I) $0.40 and (ii) 90% of the average closing bid prices for the company's common stock for the three trading days having the lowest closing bid price during the 20 trading days immediately prior to the conversion date, or a minimum of 425,000 shares of Common Stock. Defendants' beneficial ownership of these 1,186,458 shares of Common Stock (261,458 + 425,000 + 500,000 = 1,186,458) out of the potentially 2,271,881 shares of Common Stock that would be outstanding post conversion caused them to beneficially own far more than 10% of the Company's outstanding Common Stock. Defendants continued to own more than 10% of ASI's outstanding Common Stock at all relevant times.

**Defendants Purchased ASI Common Stock**

13. On May 28, 2004, an event of default was triggered under the Second Note when a Registration Statement on Form S-3 filed by ASI with the SEC on December 30, 2003, seeking to

4

register shares of Common Stock issuable upon conversion of the Second Note and the warrants was not declared effective by the SEC.

14. On June 30, 2004, the Company cured the event of default by restructuring the Second Note. ASI cancelled the Second Note and the warrants and, issued a new note (the "New Note") and entered into an Amended and Restated Registration Rights Agreement with Defendants. Also, among other things, in exchange for Tonga's acquisition of the right to obtain cash for the New Note upon certain circumstances as opposed to the mandatory conversion feature upon maturity found in the Second Note, the warrants were cancelled and Tonga waived any accrued interest on the Second Note through November 3, 2003.

15. The New Note was convertible based upon the following formula: dividing (x) that portion of the outstanding principal balance under the New Note as of such date that Tonga elects to convert by (y) the Conversion Price then in effect on the date on which a notice of conversion was faxed to the Company.

16. The "Conversion Price," in turn, was equal to the lesser of (I) the closing price (which was set at $4.00) (the "Fixed Price") and (ii) ninety percent (90%) of the average of the price per share of the Common Stock for the three (3) trading days having the lowest Common Stock price during the twenty (20) Trading Days immediately prior to the conversion (the "Floating Price").

17. On November 10, 2004, the Company reported that Defendants converted the $1.7 million New Note and approximately $86,000 in interest accrued thereon into 1,701,341 shares of Common Stock at a price of $1.05 per share (the "Floating Price") which was equal to 90% of the average closing bid prices for the three trading days having the lowest closing bid price during the

20 trading days immediately prior to the conversion date.

18. The conversion of the New Note, at the Floating Price, constitutes a purchase of 1,701,341 shares of Common Stock at $1.05 per share on November 10, 2004 within the meaning of, among other things, Rule 16b-6(a) promulgated by the SEC under Section 16(b).

**Defendants' Sold of ASI Common Stock Within Six Months of the Purchase**

19. In a Schedule 13D filed on or about November 24, 2004 with the SEC, Defendants reported that within six months of the purchase alleged in paragraphs 17 and 18, they sold at least 1,701,341 shares of Common Stock in the open market at prices per share which exceed the purchase price, to wit:

| Date | Number of Shares | Price per Share | Total |
| --- | --- | --- | --- |
| November 10, 2004 | 183,858 | $6.62 | $1,217,139.96 |
| November 10, 2004 | 254,100 | $6.34 | $1,610,994.00 |
| November 11, 2004 | 360,074 | $4.14 | $1,490,706.36 |
| November 12, 2004 | 726,475 | $3.52 | $2,557,192.00 |
| November 15, 2004 | 360,700 | $3.69 | $1,330,983.00 |
| Totals | 1,885,207 | | $8,207,015.32 |

20. In November 2004, Defendants, in connection with their disposition of ASI Common Stock, relinquished their right to appoint directors to ASI's Board of Directors. On December __, 2004 the directors appointed by Defendants resigned from ASI's Board of Directors.

21. Defendants earned in excess of $5.5 million in short-swing insider trading profits based upon the prices at which they reported selling the Common Stock while being a statutory insider subject to Section 16(b) liability.

6

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount to be determined at trial, plus attorneys' fees, pre-judgment interest, post-judgment interest and such other and further relief as this Court may deem just and proper.

DATED this 6th day of April, 2006.

ABRAHAM FRUCHTER & TWERSKY LLP

By: *[signature]*

Jack G. Fruchter (JF-8435)
Jeffrey S. Abraham (JA-2946)
One Pennsylvania Plaza, Suite 2805
New York, New York 10119
Tel.:  (212) 279-5050
Fax;   (212) 279-3655

**LOEFFLER TUGGEY PAUERSTEIN ROSENTHAL LLP**
Tim Tuggey
Eric A. Pullen
755 East Mulberry, Suite 200
San Antonio, Texas 78212
Tel.:  (210) 354-4300
Fax:   (210) 354-4034

Attorneys for Plaintiff
Analytical Surveys, Inc.