UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ANALYTICAL SURVEYS, INC.,

               Plaintiff,

    -against-

TONGA PARTNERS, L.P., CANNELL
CAPITAL, L.L.C., and J. CARLO
CANNELL,

               Defendants.
------------------------------------X

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/29/09

06 Civ. 2692 (KMW)(RLE)
OPINION AND ORDER

KIMBA M. WOOD, U.S.D.J.:

    Plaintiff Analytical Surveys, Inc. ("Plaintiff") brought an action pursuant to Section 16(b) of the Securities Exchange Act of 1934 ("Section 16(b)"), 15 U.S.C. § 78p(b).  Plaintiff sought disgorgement of alleged short-swing insider trading profits realized by Defendants Tonga Partners, L.P. ("Tonga"); Cannell Capital, L.L.C. ("Cannell Capital"); and J. Carlo Cannell ("Cannell") (collectively, "Defendants").

    Plaintiff moved for summary judgment and Defendants cross-moved for summary judgment, or in the alternative, for partial summary judgment.  In a September 29, 2008 Order (the "Order"), familiarity with which is assumed, the Court addressed Plaintiff's claim that pursuant to Section 16(b), Defendants were liable for short-swing profits from the November 2004 sale of 171,341 shares of ASI stock ("November 2004 transaction").[1]

---

[1] To establish Section 16(b) liability, a plaintiff need show only "there was (1) a purchase and (2) a sale of securities

The Court found as a matter of law that Section 16(b)'s strict liability scheme applied to Defendants' November 2004 transaction; Defendants had claimed no applicable exemptions to Section 16(b) liability.[2]  Accordingly, the Court granted in part Plaintiff's motion for summary judgment, and denied in its entirety Defendants' motion for summary judgment.

On November 20, 2008, the Court entered a settlement order in which the parties stipulated to the remaining disputed factual issues.  Defendants expressly reserved the right to challenge the factual findings and legal conclusions in the Order.

Shortly thereafter, Defendants filed a motion for reconsideration of the Order.[3]  Defendants argued that the Second Circuit Court of Appeals decision, Roth v. Perseus, L.L.C., 522 F.3d 242 (2d Cir. 2008), entitles them to raise a new argument

---

(3) by an officer or director of the issuer or by a shareholder who owns more than ten percent of any one class of the issuer's securities (4) within a six-month period."  Gwozdzinsky v. Zell/Chilmark Fund, L.P., 156 F.3d 305, 308 (2d Cir. 1998).

[2] In granting the Plaintiff's motion for summary judgment and in denying the Defendants' motion for summary judgment, the Court rejected Defendants' arguments (1) that Section 16(b) was inapplicable to the November 2004 transaction; (2) in the alternative, that the Section 16(b) debt exception exempted Defendants from Section 16(b) liability; (3) in the alternative, that Section 16(b)'s policy objections would not be served by requiring Defendants to disgorge their profits; and, (4) in the alternative, that only Defendant Cannell should be required to disgorge his profits.

[3] The Court assumes, arguendo, that the motion for reconsideration is timely.

and that <u>Roth</u> constitutes a change in intervening law.
Defendants contend that it would be manifestly unjust to deny
their motion for reconsideration.  For the foregoing reasons, the
Court DENIES Defendants' motion for reconsideration.

## I. **Standard for Reconsideration**

Plaintiff seeks reconsideration of the Order pursuant to
Federal Rule of Civil Procedure 59(e) ("Rule 59(e)").  The
standard for a Rule 59(e) motion for reconsideration is strict.

A Rule 59(e) motion for reconsideration "will generally be
denied unless the moving party can point to controlling decisions
or data that the court overlooked - matters, in other words, that
might reasonably be expected to alter the conclusion reached by
the court."  <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d
Cir. 1995).  The other limited circumstances in which a Rule
59(e) motion for reconsideration may be granted is if the moving
party establishes: (1) a change in the controlling law; (2) new
evidence has become available; or (3) reconsideration is
necessary to correct a clear error or prevent manifest injustice.
<u>See</u> <u>Donoghue v. Casual Male Retail Group, Inc.</u>, 427 F. Supp. 2d
350, 354 (S.D.N.Y. 2006); <u>Grubb v. Barnhart</u>, 2004 U.S. Dist.
LEXIS 3289, *4 (S.D.N.Y. 2004).

Courts should not grant a motion for reconsideration in
order to allow a party "[to] advance new facts, issues or
arguments not previously presented to the Court."  <u>Shamis v.</u>

3

Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999) (internal quotations and citations omitted).  Likewise, courts should not grant a motion for reconsideration when the moving party seeks solely to relitigate an issue already decided.  Id.

"Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)(quoting In re Health Management Sys. Inc. Secs. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).  The decision to grant or deny the motion is within the sound discretion of the district court.  See Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 132 (2d Cir. 1999).

## II. **Application**

Defendants raise three argument in support of their motion for reconsideration: (1) Defendants are entitled to raise a new argument in light of Roth; (2) Roth constitutes a change in controlling law that merits reconsideration of the Order; and (3) the Court's failure to reconsider the Order would result in a manifest injustice.

### A. **New Argument**

In the motion for reconsideration, Defendants argue that the Court should reconsider the Order so that Defendants can introduce a new argument.  The new argument pertains to the

4

applicability of the Securities and Exchange Commission's Rule
16b-3(d), 17 C.F.R. § 240.16b-3(d), ("Rule 16b-3(d)").  Rule 16b-
3(d) exempts from Section 16 liability certain board-approved
transactions between an issuer and a director, a director by
deputization,[4] or an officer.  <u>Roth</u>, 522 F.3d at 244.

Defendants argue for the first time in the motion for
reconsideration that they should not be required to disgorge
their short-swing profits from the November 2004 transaction
because Rule 16b-3(d) applies to this transaction.  Defendants
assert that they are entitled to this exemption because they are
directors by deputization and the transaction otherwise meets the
Rule 16b-3(d) exemption requirements.

Defendants argue that they should be allowed to raise this
new argument because "at the time the parties briefed their
summary judgement order in this case, Defendants believed that
the exemption set forth in Rule 16b-3(d) did not apply to them."
(Defendants' Memorandum of Law in Support of Motion for
Reconsideration, at 2.)  Defendants further explain that only
now, after the Second Circuit Court of Appeal's April 2008
decision in <u>Roth</u>, is it "crystal clear that the transactions at
issue here are exempt from Section 16(b) by virtue of Rule 16b-

---

[4] An entity may be characterized as a director by
deputization under Section 16(b) if it has deputized a person on
the board of directors to act on its behalf.  <u>Blau v. Lehman</u>, 368
U.S. 403, 409-10 (1962).

3(d)."  (<u>Id.</u>)

The Court recognizes that prior to <u>Roth</u>, the Second Circuit Court of Appeals had yet to reach the question of whether Section 16b-3(d) applied to directors by deputization.  In <u>Roth</u>, the Second Circuit Court of Appeals adopted the SEC's interpretation of Rule 16b-3(d) by finding that the Rule 16b-3(d) exemption is applicable to qualifying transactions between the issuer and a director by deputization, in addition to being applicable to transactions between the issuers and a director or an officer. <u>Roth</u>, 522 F.3d at 249.

However, the prior lack of "crystal clear" guidance from the Second Circuit Court of Appeals, is not a basis for permitting a new argument to be introduced at the motion for reconsideration stage.  This is especially true because the SEC,[5] the Ninth Circuit,[6] and a judge in this district[7] all had held that the

---

[5] Starting in at least 2006, the SEC interpreted the Rule 16b-3(d) exemption as applying to directors by deputization.  <u>See</u> <u>Dreiling v. Am. Express Co.</u>, 458 F.3d 942 (9th Cir. 2006). Courts are required to give the SEC's interpretation of Rule 16b-3(d) controlling weight.  <u>Id.</u> at 949.

[6] In 2006, the Ninth Circuit adopted the SEC's interpretation of Rule 16b-3(d), stating "directors by deputization are entitled to seek the protection of Rule 16b-3(d) to the same extent, and on the same terms, as an individual director or officer."  <u>Dreiling</u>, 458 F.3d at 953.

[7] In <u>Segen v. CDR-Cookie Acquisitions, L.L.C.</u>, 2006 U.S. Dist. LEXIS 3053 (S.D.N.Y. 2006), the defendant alleged that the defendant was a director by deputization because it had a controlling interest in the company at issue and therefore had the right to appoint three directors to the board.  Judge Robert

16b-3(d) exemption was applicable to directors by deputization. Defendants chose not to raise this argument at an earlier stage in the litigation and cannot now advance a new argument that was not previously presented to the Court.[8]   Shamis, 187 F.R.D. at 151.

## B.  Change in Controlling Law

Defendants also argue that the Court should reconsider the Order because Roth constitutes a change in controlling law.   See Grubb, 2004 U.S. Dist. LEXIS 3289, *4.   The Court rejects this argument on the ground that there has been no change in controlling law since the Order was issued.[9]

Roth was published in April 2008, while the motions for summary judgment were pending.   The Order was not issued until

---

Sweet agreed with the defendant that it had alleged facts sufficient to qualify the Defendant as a director "by deputization" for purposes of Section 16(b), and, therefore, that defendant was entitled to the Rule 16b-3(d) exemption.

[8] Despite Defendants' arguments to the contrary, the Court does not interpret any of the pre-Roth cases cited by Defendants as being at odds with the holding in Roth.   The Second Circuit Court of Appeals in Roth does not suggest otherwise.

[9] Defendants argue that the Third Circuit Court of Appeals decision in Levy v. Sterling Holding Company, LLC., 544 F.3d 493 (3d Cir. 2008), which was issued days after this Court issued the Order, also constitutes a change in controlling law.   However, "persuasive but nonbinding authority from other circuits does not constitute a point of law or fact that mandates reconsideration." In re: Trace International Holdings, Inc., et al., 04-Civ-1295, *7 (S.D.N.Y. Sept. 15, 2006).   Accordingly, the Court rejects Defendants contention that Levy constitutes a change in controlling law that requires the Court to reconsider the Order.

September 2008, <u>five months</u> after <u>Roth</u> was decided.  Accordingly, there has been no change in controlling law since the Order was issued.[10]

### C. Manifest Injustice

Defendants argue that it would be manifestly unjust to deny their motion for reconsideration because Rule 16b-3(d) entitles them to relief from Section 16(b) liability.  See <u>Donoghue v. Casual Male Retail Group, Inc.</u>, 427 F. Supp. 2d at 354.  The Court declines to reach the merits of Defendants' argument that pursuant to Rule 16b-3(d) they are entitled to relief from Section 16(b) liability.  The Court finds instead that under the circumstances it is not manifestly unjust for the Court to deny Defendants' motion for reconsideration.

Prior to the Court's issuance of the Order, Defendants had ample opportunity to argue that Section 16b-3(d) exempted Defendants from Section 16(b) liability.  Defendants chose, however, not to raise the argument before the Order was issued.

As noted earlier, as of 2006, the SEC, the Ninth Circuit, and at least one judge in this district had found the Rule 16b-3(d) exemption was applicable to deputized directors. Nonetheless, Defendants did not mention Rule 16b-3(d) in their

---

[10] At no point prior to the November 2008 motion for reconsideration did Defendants suggest that Rule 16b-3(d) was applicable to the instant case.  During the pendency of the cross motions for summary judgment, Defendants otherwise kept the Court apprised of pertinent developments in case law.

answer or summary judgment briefings.

Likewise, during the five months after <u>Roth</u> was published and before the Order was issued, Defendants could have argued that the holding in <u>Roth</u> was applicable to the November 2004 transaction.  While the cross motions for summary judgment were pending, Defendants otherwise kept the Court apprised of pertinent developments in case law and their applicability to the instant case.[11]  However, Defendants waited until after the motions for summary judgment had been decided and the parties had stipulated to the remaining facts before raising the Rule 16b-3(d) argument.

Under the circumstances, Plaintiff should not be required to respond to new arguments now.  To grant Defendants' motion for reconsideration would unduly undermine Plaintiff's compelling interest in finality; Plaintiff, rather than Defendants, would suffer a manifest injustice.  See <u>Parrish</u>, 253 F. Supp. 2d at 715.

## III. **Conclusion**

The Court finds that Defendants have failed to establish that the Court should grant the extraordinary remedy of

---

[11] For instance, on July 22, 2008, three months after <u>Roth</u> was decided, Defendants submitted a letter to the Court in which they sought to distinguish a case decided earlier that month in the Southern District of New York (<u>Happe v. WPCS International Incorporated et al.</u>, No. 06-Civ-6097 (S.D.N.Y. July 3, 2008)).

reconsidering the Order.  Accordingly, Defendants' motion for

reconsideration is DENIED (Docket Entry 92).

      SO ORDERED.

Dated:    New York, New York
         May **28**, 2009

                                   Kimba M. Wood
                         United States District Judge

10